E. Darwin Smith, J.
It was conceded before the referee "that the defendant had abandoned and deserted the plaintiff, and that his pecuniary means are large and ample. The right ' of the plaintiff to have a decree for a limited separation is not denied if plaintiff and defendant were ever husband and wife.
The action is therefore really prosecuted for alimony, and is defended to prevent the plaintiff from obtaining a decree providing for her permanent support by the defendant. The referee was to report, whether the plaintiff should have an allowance of counsel fee to enable her to prosecute the suit, and *489 for alimony pending this suit, and if so, for what amount- The referee has gone over quite a wide held, heard much evidence on the main question in the cause, whether the plaintiff and defendant were ever married, and comes to the conclusion upon the whole evidence that they were never married, and that the plaintiff is not entitled to alimony or a counsel fee, during the continuance of the action. The referee has gone further, I think, than was necessary for the decision of the question referred to him.
The question whether the plaintiff and defendant were ever legally married is the chief, and, indeed, the only real issue, in the cause. It would be hardly just that the referee decide that question definitely and conclusively upon the preliminary reference. His decision practically precludes the plaintiff from the trial of that question before the court and a jury, by denying her the means to prosecute the action. From the findings of the referee, and the evidence received and reported by him, it is, I think, quite clear that the plaintiff and.defendant came to this country from Germany, some years since, in the character of husband and wife, and that they continued afterward for several years to cohabit together in that character. Cohabitation and recognition by the defendant of the plaintiff, is abundantly proven. The defendant, on repeated occasions, stated that the plaintiff was his wife, and treated her as such in the presence of many witnesses. This, I think, makes out á sufficient case for allowance of alimony pending the suit. The plaintiff has acted strangely, and done some things quite inconsistent with her claims to be the wife of the defendant. But in this stage of the case, I do not think the court should decide upon this evidence against the wife. I think-no injustice can be done to the defendant by holding him to his declarations, on repeated occasions, that the plaintiff .was his wife, till the question can be fully tried and fairly presented to a jury. The defendant, by his own confession, has deserted and abandoned the plaintiff, after living with her several years as his wife. If he was never legally married to her, be has then confessedly debauched and ruined her, and then cast her off without the means of support. I think he should be required to afford her reasonable means of support, until the case can be tried, and he should also furnish her with means to try fairly the ■ issues *490 "in the cause. He is a man of large means, and it will be nothing more than strict justice, that he defray the expense of the litigation between them, and I think, therefore, that the decision of the referee should not be affirmed, but on the contrary the defendant should be ordered to pay the plaintiff for temporary alirhony, the .weekly allowance of $10, and a counsel fee to her attorney of $250, with leave to her to make any further application to the court for other allowance, as may be proper; and it is so ordered.